Filed 2/18/15  P. v. Hopkins CA2/6
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B251270 |
| Plaintiff and Respondent, | (Super. Ct. No. 2011037134) |
| v. | (Ventura County) |
| RODNEY HOPKINS, | |
| Defendant and Appellant. | |

David Rodney Hopkins appeals from the judgment entered after a jury convicted him of continuous sexual abuse of a child (his daughter) under the age of 14 years.  (Pen. Code, § 288.5, subd. (a).)[1]  He was sentenced to prison for 12 years.  Appellant contends that the trial court erroneously (1) admitted evidence of prior uncharged sexual offenses that he had committed against his daughter, (2) instructed the jury on consciousness of guilt, and (3) imposed a sex offender fine of $1200 pursuant to section 290.3.  Only the third contention has merit.  We remand the matter to the trial court with directions to impose a $300 sex offender fine plus mandatory penalty assessments and surcharges.  In all other respects, we affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Facts*

Appellant's daughter, M.H., was born in 1996. When she was in seventh grade, appellant gave her back and belly rubs. On five to ten occasions, he "move[d] his hand up [her] body and start[ed] rubbing her breasts in a circular motion." Appellant made "skin-to-skin contact" with her breasts. On two to five occasions, appellant touched M.H.'s vaginal area. Once or twice, he put his hand underneath her underwear. Once while M.H. was sleeping, appellant awakened her by "massaging and rubbing [her] breasts." M.H. estimated that, while she was in seventh grade, appellant had massaged her and touched her breasts or vagina at least once a month. Appellant stopped the touching in February or March 2010.

When M.H. was in eighth grade, she told some friends about appellant's conduct. In June 2011 the police received an anonymous tip that appellant had sexually abused M.H. Appellant voluntarily came to the police station, where Officer Erica Escalante interviewed him for over two hours. Appellant said that, while giving M.H. body rubs, he would sometimes accidentally "bump into her breasts." Later in the interview, appellant explained that as M.H. "developed more, [his] hand would accidentally touch [her breasts] . . . [c]ause there got to be less, you know, free space if you will." On the other hand, appellant said, "I would be curious and a few []times I got bold." When he "got bold," appellant deliberately touched M.H.'s breasts "[t]o see what her breasts felt like." Appellant admitted that, on about five occasions, the touching had sexually aroused him.

Appellant told the police that three or four times in the spring of 2011, when M.H. was 14 years old, she would "play this silly little game . . . pretending like she didn't want to go to bed" at night. While M.H. and appellant were walking down the hallway to her bedroom, M.H. would suddenly "go limp and fall forward." Appellant tried to "grab her by the . . . armpit, shoulder area to catch her." But sometimes he grabbed her breasts instead. Appellant insisted that he "didn't purposely grab the breasts" and that he "was

2

reaching for the armpits."  One time appellant was sexually aroused and "probably started to get an erection."  He "left [his] hands on her breasts because it felt good" and "picked her up by them [her breasts]."

*Admission of Evidence of Uncharged Sexual Offenses*

The information alleged that the offense of continuous sexual abuse of a child had been committed between October 3, 2007 and June 30, 2010.  Appellant argues that the trial court erroneously admitted evidence of uncharged sexual offenses that had been committed outside of this time period.  The uncharged offenses were committing a lewd act upon a child of 14 or 15 years.  (§ 288, subd. (c)(1).)  The offenses occurred in the spring of 2011 when appellant grabbed M.H.'s breasts in the hallway on the way to her bedroom (the hallway incidents).  The trial court ruled that evidence of the hallway incidents was admissible under Evidence Code section 1101 (section 1101) to show "intent" and "the absence of accident or mistake."  The court also ruled that the evidence was admissible under Evidence Code section 1108 (section 1108).

"We review claims regarding a trial court's ruling on the admissibility of evidence for abuse of discretion.  [Citations.]  Specifically, we will not disturb the trial court's ruling 'except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' [Citation.]"  (*People v. Goldsmith* (2014) 59 Cal.4th 258, 266.)

The trial court did not abuse its discretion in admitting evidence of the hallway incidents under section 1101 to show appellant's intent and the absence of mistake or accident.  Section 1101, subdivision (b) permits the "admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as . . . intent . . . [or] absence of mistake or accident . . .) other than his or her disposition to commit such an act."  Evidence of the hallway incidents was relevant to prove that, when appellant touched M.H.'s breasts and vaginal area during the period of continuous sexual abuse, he acted deliberately rather than accidentally and with the intent to sexually arouse

3

himself. It is reasonable to infer that during the hallway incidents appellant deliberately grabbed M.H.'s breasts. He admitted that on one occasion he had been sexually aroused and "probably started to get an erection." He "left [his] hands on her breasts because it felt good." This evidence was highly probative. In his opening brief appellant notes, "[T]he critical issue for the jury to resolve was whether appellant harbored the requisite intent when he touched [M.H.] or if his actions were accidental or inadvertent."

The trial court also did not abuse its discretion in admitting evidence of the hallway incidents under section 1108. "In a case in which a defendant is accused of a sexual offense, Evidence Code section 1108 authorizes the admission of evidence of a prior sexual offense to establish the defendant's propensity to commit a sexual offense, subject to exclusion under Evidence Code section 352. [Citations.]" (*People v. Lewis* (2009) 46 Cal.4th 1255, 1286.) Section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

"We find nothing arbitrary, capricious, or patently absurd in the trial court's ruling that evidence of [appellant's] prior offense[s] was admissible [under section 1108] to prove his propensity to commit the charged sexual offense." (*People v. Lewis*, *supra*, 46 Cal.4th at p. 1286.) Evidence of the prior offenses was highly probative and "was less inflammatory than the testimony about the charged offense[]." (*People v. Quang Minh Tran* (2011) 51 Cal.4th 1040, 1050.) "This circumstance decreased the potential for prejudice, because it was unlikely that the jury . . . convicted [appellant] on the strength of [the] testimony . . . regarding [the prior offenses], or that the jury's passions were inflamed by [this testimony]." (*People v. Ewoldt* (1994) 7 Cal.4th 380, 405.) The trial court, therefore, acted within its discretion in determining not to exclude the evidence pursuant to Evidence Code section 352.

4

Appellant argues that the admission of evidence of the hallway incidents under section 1108 violated his constitutional rights to due process and equal protection. But he "acknowledges that the California Supreme Court rejected a due process challenge to section 1108. (*People v. Falsetta* (1999) 21 Cal.4th 903[, 917-922].)" Pursuant to the doctrine of stare decisis, we are bound by our Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) For the reasons explained in *People v. Fitch* (1997) 55 Cal.App.4th 172, 184-185, and *People v. Waples* (2000) 79 Cal.App.4th 1389, 1394-1395, we reject appellant's argument that section 1108 violates equal protection.

*Instruction on Consciousness of Guilt*

The trial court instructed the jury on consciousness of guilt. The instruction provided in part: "If the defendant made a false or misleading statement before this trial relating to the charged crime, knowing the statement was false or intending to mislead, that conduct may show he was aware of his guilt of the crime and you may consider it in determining his guilt." Appellant maintains that this instruction was erroneous because "there was no basis upon which to conclude [his] statements to the police were false." A consciousness of guilt instruction is proper only if "there is 'evidence in the record which, if believed by the jury, will sufficiently support the suggested inference' " of consciousness of guilt. (*People v. Ramirez* (2006) 39 Cal.4th 398, 456.)

The evidence warranted the instruction on consciousness of guilt. The record contains substantial evidence that appellant willfully made false statements to the police that his touching of M.H.'s breasts was accidental. At the beginning of the police interview, appellant said that he had accidentally "bump[ed] into her breasts." Later in the interview, appellant said that he "got bold" and had deliberately touched M.H.'s breasts "[t]o see what her breasts felt like." Appellant admitted that, on about five occasions, the touching had sexually aroused him.

5

There is no merit to appellant's contention that "[i]nstructions relating to a defendant's consciousness of guilt . . . are constitutionally infirm because they invite the jurors to consider certain types of evidence as indicating an accused's guilt of the charged offense without concurrent instructions pinpointing evidence which is indicative of his innocence." Our Supreme Court has rejected similar contentions. (*People v. Tate* (2010) 49 Cal.4th 635, 698-699.)

*Fine and Penalty Assessments*

Appellant asserts, and the People concede, that the trial court erred when it imposed a "[f]ine of $1200 plus penalty assessments per [section] 290.3." Section 290.3 provides that, upon a first conviction of violating section 288.5, the defendant shall be punished by a sex offender fine of $300. This was appellant's first conviction, so the fine should have been $300.

It "is an acceptable practice" for a court to impose a specified fine "plus penalty assessments" as the trial court did here. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) "The responsibility then falls to the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment." (*Ibid*.) Neither the minutes nor the abstract of judgment mentions the penalty assessments. These documents simply state that the court imposed a "fine of $1200.00 pursuant to Section 290.3."

The minutes and abstract of judgment must show that the court "impose[d] a mandatory penalty assessment pursuant to section 1464, subdivision (a)(1); a mandatory state surcharge pursuant to section 1465.7, subdivision (a); a mandatory state court construction penalty pursuant to Government Code section 70372, subdivision (a); and a mandatory penalty assessment pursuant to Government Code section 76000, subdivision (a)(1). These provisions require the imposition of additional penalties and surcharges upon every fine, penalty or forfeiture imposed for a criminal offense. [Citations.]" (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1371-1372.)

6

The minutes and abstract of judgment must also show the amount of each penalty assessment and surcharge. "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] . . . If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.]" (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

*Disposition*

The matter is remanded to the trial court with directions to impose a sex offender fine of $300 pursuant to section 290.3 plus mandatory penalty assessments and surcharges pursuant to section 1464, subdivision (a)(1); section 1465.7, subdivision (a); and Government Code sections 70372, subdivision (a) and 76000, subdivision (a)(1). The trial court shall prepare an amended abstract of judgment showing the $300 fine as well as the amount of and statutory basis for each penalty assessment and surcharge. The court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

7

Matthew Guasco, Judge

Superior Court County of Ventura

_____

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Russell A. Lehman, Deputy Attorney General, for Plaintiff and Respondent.